IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **JAMES W. BONHAM,** | Civil No. 1:CV-05-0067 |
| **Plaintiff** | JUDGE SYLVIA H. RAMBO |
| v. |  |
| **MARIA GIVENS, PAUL KETTL, and ROBERT ALLEN KIRK,** |  |
| **Defendants** |  |

# **M E M O R A N D U M**

Before the court is Defendants' motion to dismiss Plaintiff's Complaint. (Doc. 25.)  The parties have briefed the issue, and the matter is ripe for disposition. For the reasons that follow, the court will grant Defendants' motion.

**I.**     **Background**

Plaintiff, James Bonham is currently in the custody of Harrisburg State Hospital.  Plaintiff was involuntarily committed to Harrisburg State Hospital on March 19, 2001, pursuant to the Mental Health Procedures Act.  50 Pa. Cons. Stat. § 7301(a).[1]  Plaintiff brought this action *pro se* under the provisions of 42 U.S.C. § 1983.  Plaintiff seeks release from Harrisburg State Hospital and the return of personal items that he alleges were stolen from him.  Additionally, Plaintiff seeks monetary damages.  Defendants filed the instant motion to dismiss on September 30, 2005.[2]

---

[1] Section 7301(a) provides that "whenever a person is severely mentally disabled and in need of immediate treatment, he may be subject to involuntary emergency examination and treatment."

[2] Plaintiff has addressed the issue of his involuntary commitment in two previous petitions for habeas corpus relief.  *See Bonham v. Pennsylvania Dept. of Public Welfare*, No. 02-1956, slip op.
(continued...)

## II.        Legal Standard: Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003).  "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of N. Y. & N. J. v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999).  In the case of a *pro se* plaintiff, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as for what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).  The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.*  Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be

---

[2](...continued)
(M.D. Pa. Jan. 27, 2003) and *Bonham v. Pennsylvania Dept. of Welfare*, No. 04-1674, slip op. (M.D. Pa. Dec. 20, 2004).  Thus, the facts are well known to all parties and will not be recited by the court in detail.

considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotations omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III.      Discussion

### A.    Continued Involuntary Commitment

With respect to Plaintiff's claims regarding his involuntary commitment, Defendants assert two arguments. First, Defendants argue that Plaintiff fails to state a claim upon which relief can be granted. Second, Defendants argue that the *Rooker-Feldman* doctrine[3] precludes the court from reviewing state court determinations regarding Plaintiff's continued involuntary commitment. The court finds Defendants' second argument to be convincing and need not address Defendants' first argument.

Plaintiff alleges that his continued commitment violates his due process rights. However, Plaintiff does not argue that the requirements of the Mental Health and Procedures Act are unconstitutional. Moreover, based on the record provided, the court finds that Plaintiff's commitment was in accordance with the requirements

---

[3]The *Rooker-Feldman* doctrine derives from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Circuit Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

of the Mental Health and Procedures Act.[4]  Specifically, Plaintiff's continued commitment has been most recently affirmed by a state court judge in August 2005.

The *Rooker-Feldman* doctrine provides that "lower federal courts may not sit in direct review of the decisions of a state tribunal." *Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998).  Because jurisdiction to review a state court's decision rests solely in the United States Supreme Court, *see* 28 U.S.C. § 1257, federal district courts lack subject matter jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).  "Although § 1257 refers to orders and decrees of the highest state court, the *Rooker-Feldman* doctrine has been applied to final decisions of lower state courts." *In re Pamela Knapper*, 407 F.3d 573, 580 (3d Cir. 2005).

Specifically, a claim is barred by the *Rooker-Feldman* doctrine if: (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.*  A federal claim is inextricably intertwined with a state adjudication when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the

---

[4] 50 Pa. Cons. Stat. § 7305 provides that
[a]t the expiration of a period of court-ordered involuntary treatment under section 304(g)  or this section, the court may order treatment for an additional period upon the application of the county administrator or the director of the facility in which the person is receiving treatment. Such order shall be entered upon hearing on findings as required by sections 304(a) and (b), and the further finding of a need for continuing involuntary treatment as shown by conduct during the person's most recent period of court-ordered treatment. The additional period of involuntary treatment shall not exceed 180 days. . . .

federal court must take action that would negate the state court's judgment." *Knapper*, 407 F.3d at 581.  Thus, a plaintiff is foreclosed from seeking relief in federal court that would "prevent a state court from enforcing its orders." *Id.*

In the instant case, Plaintiff's Complaint seeks remedies that would essentially prevent the enforcement of the state court's order continuing Plaintiff's involuntary commitment.  Thus, Plaintiff's instant claims are "inextricably intertwined with a state adjudication." *Id*.  This court is without jurisdiction to hear Plaintiff's Complaint with respect to this issue.  Accordingly, the court will grant Defendants' motion to dismiss Plaintiff's Complaint with respect to this issue.

### B. Deprivation of Property

With respect to Plaintiff's claims based on deprivation of property, Defendants assert that Plaintiff fails to allege any personal involvement by Defendants.  Under § 1983, Plaintiff has the burden to show that Defendants had "personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal directions or of actual personal knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F. 2d 1195, 1207 (3d Cir. 1988).

Plaintiff's Complaint alleges that he was deprived of his wallet, Post Office box key, and belt by "individuals in the Harrisburg Bureau of Police." (Compl. ¶ 1.)  Defendants assert that none of the named Defendants are members of the Harrisburg Bureau of Police and cannot be liable under § 1983 for these alleged actions.  Plaintiff, in his response to Defendants' motion to dismiss, does not address Defendants' argument.  However, Plaintiff does allege that his mail was stolen.  Plaintiff's allegation that his mail was stolen revolves around events prior to his involuntary commitment, before Plaintiff was in the custody of the named Defendants.  Thus, Plaintiff fails to show any personal involvement by Defendants in

the alleged deprivation of his personal property and his claims against Defendants with respect to the deprivation of his property will be dismissed.

## IV.  Conclusion

In accordance with the foregoing discussion, the court will grant Defendants' motion to dismiss.  The court finds that amendment of Plaintiff's Complaint would be futile; therefore it will not grant Plaintiff leave to amend his Complaint.  Additionally, the court notes that this is the third action Plaintiff has pursued related to his involuntary commitment.  In each instance the court has dismissed Plaintiff's claims.  In the interest of judicial economy and prejudice that may be suffered by the Defendants, Plaintiff will be restricted from filing further pleadings with respect to this issue without leave from the court.  An appropriate order will issue.

          s/Sylvia H. Rambo
          SYLVIA H. RAMBO
          United States District Judge

Dated:  November 30, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **JAMES W. BONHAM,**<br><br>　　　　**Plaintiff**<br><br>　　v.<br><br>**MARIA GIVENS, PAUL KETTL,**<br>**and ROBERT ALLEN KIRK,**<br><br>　　　　**Defendants** | Civil No. 1:CV-05-0067<br><br>**JUDGE SYLVIA H. RAMBO** |

## **ORDER**

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) Defendants' motion to dismiss Plaintiff's Complaint (Doc. 25) is **GRANTED**. Plaintiff's Complaint is dismissed with **PREJUDICE**.

2) The Clerk of Court is directed to close the case file.

3) Plaintiff shall not file any new actions against the named Defendants or related to his continued involuntary commitment without leave from the court.

　　　　　　　　　　　　　　　　　　s/Sylvia H. Rambo
　　　　　　　　　　　　　　　　　　SYLVIA H. RAMBO
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: November 30, 2005.